IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Lorenzo Nesbitt, ) | Civil Action No.: 8:11-cv-00920-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| State; Warden McCormick ) | |
| Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Respondents filed their return, along with a motion for summary judgment. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Jacquelyn D. Austin.[1] In the R&R, the Magistrate Judge recommends that the Court grant Respondent's motion and deny Petitioner's petition.

## **Factual Background and Procedural History**

Petitioner was indicted in December 2004 in Charleston County, South Carolina, on a charge of failure to stop for a blue light. He was subsequently indicted in February 2005 on additional charges of first-degree burglary and first-degree criminal sexual conduct ("CSC"). Prior to trial, Petitioner was represented by Rodney Davis; however, Beattie Butler and Steven Harris represented him beginning at the commencement of his trial before the circuit court. Petitioner, after jury selection and pre-trial motions but before opening statements, pleaded guilty to each indictment on December 12, 2005. Three days later, he was sentenced to thirty seven years' imprisonment for

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

first-degree burglary, thirty years' imprisonment for first-degree CSC, and three years' imprisonment for failing to stop for a blue light. The circuit court ordered that all sentences run concurrently.

Petitioner did not pursue a direct appeal. On March 27, 2006, he filed an application for post-conviction relief ("PCR"). He raised five grounds: (1) ineffective assistance of counsel, (2) involuntary guilty plea, (3) conflict of interest, (4) too harsh sentencing, and (5) constitutional violations. The PCR court, after an evidentiary hearing, denied and dismissed his application with prejudice, finding Petitioner failed to meet his burden of proving (1) that his counsel was ineffective under the *Strickland*[1] test, (2) that his plea was involuntarily entered, and (3) that his appointed plea counsel had a prejudicial conflict of interest. The PCR court's order was appealed pursuant to *Johnson v. State*, 364 S.E.2d 201 (1988), and appellate counsel only raised an ineffective assistance of counsel issue. Petitioner did not submit a *pro se* response. The South Carolina Court of Appeals ultimately denied the petition for a writ of certiorari, and remittitur was issued on February 28, 2011.

The § 2254 petition now before the Court was filed on April 19, 2011. The Petitioner raises three grounds: (1) ineffective assistance of counsel, (2) conflict of interest, and (3) involuntary guilty plea. He asks the Court to "vacate the sentence or remand back to [state] court for [i]nstruction for trial." Pet. 5-9, ECF No. 1. Respondents filed their return and a motion for summary judgment on September 30, 2011. Petitioner opposed the motion, filing a response brief. The Magistrate Judge issued her R&R on April, 16, 2012, recommending that the Court grant Respondents' motion for summary judgment, R&R, ECF No. 49, and Petitioner filed a timely objection, Pet'r's Obj., ECF No. 51.

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

The Magistrate Judge recommends that the Court grant Respondent's motion for summary judgment. Specifically, she concludes that Petitioner's allegations that a prejudicial conflict of interest existed between Davis, his initial attorney, and Butler, who represented Petitioner at his plea hearing, are procedurally barred because they were not properly preserved throughout the state proceedings. R&R 15-16; s*ee also Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) *abrogated on*

*other grounds*, *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Second, she concludes Petitioner's claim that his plea counsel was ineffective is without merit, as well as his claim that the circuit court coerced him into pleading guilty. R&R 20, 22-23.

The Court will grant a state prisoner's application for a writ of habeas corpus only if the state court adjudication of the claims:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Here, Petitioner only objects to the Magistrate Judge's finding the circuit court "said he would allow Petitioner to speak with his attorney for about 'ten or fifteen minutes,' but Petitioner had to decide to proceed with the plea or proceed with the trial." Pet'r's Obj. 1. As noted above, the Court must conduct a *de novo* review of only those portions of the R&R to which the Petitioner objects. The Court construes Petitioner's objection as a factual dispute, as he claims the circuit court did not ask him to consult with his counsel and instead "threatened" him and "force[d]" him into pleading guilty. He said, the circuit court "told me and me personally that I had 10 to 15 minutes to decide how I[']m going to proceed." Moreover, Petitioner raises no specific objection to the Magistrate Judge's application of the law. *Id.* at 1.

The Magistrate Judge notes in her R&R that the PCR court found " 'that the plea was entered voluntarily and intelligently.' " R&R 21. She concludes that the PCR court's finding is supported by Petitioner's affirmations at the plea hearing that:

> (1) he understood what he was doing when he entered his plea; (2) Butler explained to him the charges, the possible punishments, and his

4

> rights, including the right to a jury trial, and he understood these things; (3) he understood the maximum penalties and when he could be paroled; (4) he understood his sentences could run consecutively; (5) he understood what rights he was giving up by pleading guilty.

*Id.* at 21-22. Furthermore, the transcript of the plea hearing contradicts Petitioner's objection. Indeed, the circuit court, when it appeared Petitioner needed additional time, told Petitioner that it was "happy to let [Petitioner] talk with Mr. Butler." Plea Hr'g Tr. 83, ECF No. 32-1. Petitioner opted to proceed with the plea, telling the circuit court he did not need to speak with Butler. *Id.* at 84.

Petitioner's objection simply reiterates that he felt the choices the circuit court offered him coerced him into pleading guilty. The plea hearing, however, was held when Petitioner was scheduled for trial, after a jury was selected, and after Petitioner received an adverse ruling on a motion to suppress DNA evidence. The evidence supports the finding that Petitioner voluntarily opted to plead guilty rather than proceed with his trial and preserve any issues for direct appeal. To the extent Petitioner argues an ineffective assistance of counsel prevented him from proceeding with trial, the Court notes the Magistrate properly addressed those issues in her R&R. *See* R&R 19-20. Accordingly, no evidence shows that the PCR court's finding that Petitioner's plea was voluntarily and intelligently made was contrary to clearly established federal law or "an unreasonable determination of the facts in light of the evidence presented in the" PCR hearing. Therefore, the Court finds no error in the Magistrate Judge's recommendation.

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484

5

(2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court has thoroughly analyzed the entire record, including the § 2254 petition, the motion for summary judgment, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment is **GRANTED**; and, therefore, that the § 2254 petition is **DISMISSED** *with prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

        s/ R. Bryan Harwell
        R. Bryan Harwell
        United States District Judge

May 31, 2012
Florence, SC